UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                                    Case No. 14-80850-WRS
                                                                         Chapter 13
EZEE HOLLOWAY
TRACY TOWLES,

      Debtors

EZEE HOLLOWAY and
TRACY TOWLES,

      Plaintiffs                                          Adv. Pro. No. 16-8034-WRS

  v.

VALLEY AUTO SALES, GALAXY
AUTO SALES, and JAMES CANNON,

      Defendants

## MEMORANDUM DECISION

The automatic stay, under 11 U.S.C. § 362, initially arises upon filing a bankruptcy petition and is one of the fundamental aspects of bankruptcy laws. It provides a debtor with a breathing spell from her creditors while, at the same time, ensuring that all creditors are treated equally.[1] If the bankruptcy case is dismissed, then there is no automatic stay for it does not survive without the underlying case. The question, however, is whether the automatic stay is reimposed upon vacating an order dismissing a Chapter 13 case and, if so, whether it is retroactive to the date of dismissal.

---

[1] H.R.Rep. No. 95–595, at 340 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6296–97. See also S.Rep. No. 95–989, at 49, 54–55 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5835, 5840–41.

## I. Facts

This Adversary Proceeding came before the Court for hearing on December 20, 2016, on the Defendants' Motion to Dismiss. (Doc. 5). The Plaintiff was present by counsel Anthony Bush and the Defendants were present by counsel Donald M. Phillips. The material facts leading up to the December 20, 2016 hearing are as follows—

Debtors Ezee Holloway and Tracy Towles filed a joint petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code on July 11, 2014. (14-80850, Doc. 1). On August 12, 2016, the Chapter 13 Trustee filed a motion to dismiss the case for default in making plan payments. (Doc. 51). The motion alleges that the Debtors made only 70% of the payments due under the Plan, with the last biweekly payment made on April 5, 2016. The Trustee filed the motion to dismiss under the Court's Local Rule for negative notice, meaning that the motion is granted unless a response is filed within 21 days of service. LBR 1017-1. The Debtors did not file a response and the Court granted the Trustee's motion by default on September 6, 2016. (Case No. 14-80850, Doc. 52).

The Debtors filed a motion to reconsider the same day, alleging that a payment had been made. (Case No. 14-80850, Doc. 53). The motion to reconsider, which the Court construes as a Motion to Alter and Amend pursuant to Rule 9023, Fed. R. Bankr. P., was granted, after conducting a hearing, on September 28, 2016. (Case No. 14-80850, Doc. 57). The Debtors' motion made no mention of reinstating the automatic stay, either prospectively—as of the date of the order granting the motion—or retroactively—purportedly reinstating the automatic stay as if there had never been a dismissal of the case. The Court's Oder of September 28, 2016, which

-2-

grants the Debtors Motion to Reconsider, makes no mention of the automatic stay.  Sometime between the dismissal and reinstatement of the Debtors' bankruptcy case, the Defendants repossessed the Debtors' automobile for failing to make required payments. The Defendants have failed to return the automobile despite reinstatement of the bankruptcy case.

## II.  LAW

### A.  Jurisdiction/Core Proceeding

This is an adversary proceeding alleging a willful violation of the automatic stay.  This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b).  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (G).  This is a final order, subject to Plaintiff's right to amend within 14 days of the date of this order.

### B.  Rule 12(b)(6) Standard

When evaluating a motion to dismiss filed pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008); Graves v. City of Montgomery, 807 F.Supp.2d 1096, 1100 (M.D. Ala. 2011).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

-3-

Case 16-08034    Doc 12    Filed 01/17/17    Entered 01/17/17 12:45:23    Desc Main
Document    Page 3 of 7

### C. The Vacatur of an Order Dismissing a Chapter 13 Case Does Not Retroactively Reimpose the Automatic Stay

The Plaintiff alleges, without citing authority, that Valley Auto's continued possession of the vehicle, in the face of the vacatur of the order of dismissal, is a violation of the automatic stay. The automatic stay came into existence when the Debtors filed their petition in bankruptcy on July 11, 2014. 11 U.S.C. § 362(a). When the case was dismissed by the Court, on September 6, 2016, the automatic stay terminated by operation of law. 11 U.S.C. § 362(c)(2)(B). On September 29, 2016, the Court granted the Debtors' Motion to Reconsider. Sometime between dismissal and reinstatement, the Defendants repossessed the Debtors' automobile for failing to make required payments. The question here is whether the automatic stay was reimposed when the Court granted the Debtors' Motion to Reconsider and, if so, was it retroactive to the date of dismissal.

The Eleventh Circuit has answered this question in Lashley v. First National Bank of Live Oak (In re Lashley), 825 F.2d 362, 364 (11th Cir. 1987) cert. denied, 484 U.S. 1075 (1988). In Lashley, the debtors appealed an order dismissing their Chapter 13 bankruptcy case. They sought a stay pending appeal, which the Bankruptcy Court granted on a prospective basis, while denying their request to impose the stay retroactively. The question presented on appeal to the Eleventh Circuit was whether the bankruptcy court abused its discretion in not ordering retroactive relief. The Eleventh Circuit ruled that the Bankruptcy Court did not have the statutory authority to order the stay reimposed on a retroactive basis.

While the procedural posture of the instant case is somewhat different, the ruling by the Eleventh Circuit—that a bankruptcy court does not have the statutory authority to reimpose a stay

retroactively—applies equally to this case. Accordingly, this Court is without authority to grant a stay retroactively. Id.; see also, Ware v. Deutsche Bank (In re Ware), 562 Fed. Appx. 850 (11th Cir. 2014) (to same effect).

Bankruptcy Courts within the Eleventh Circuit have consistently ruled that when an order dismissing a Chapter 13 case is vacated, the automatic stay is reimposed on the date the order of dismissal is vacated and that it is not retroactive to the date of dismissal. Atkins v. Titlemax (In re Atkins), 08-40073, 2009 WL 1855380 (Bankr. N.D. Ala. June 29, 2009); In re Perry, 03-66133, 2006 WL 6594640 (Bankr. N.D. Ga. March 27, 2006); In re Garcia, No. 14-18175, 2005 WL 2452112, at *2 (Bankr. S.D. Fla. Apr. 11, 2005); MERS v. Parks (In re Parks), 04-41299, 2005 WL 6491918 (Bankr. N.D. Ga. Feb. 4, 2005); In re Hill, 305 B.R. 100, 104–08 (Bankr. M.D. Fla. 2003); In re Rivera, 280 B.R. 699, 701 (Bankr. S.D. Ala. 2001) (holding that creditor who repossessed vehicle after dismissal and before reinstatement of case did not violate the automatic stay).

There is overwhelming support for the proposition that the vacatur of an order of dismissal of a Chapter 13 case does not retroactively impose the automatic stay. Singleton v. Countrywide Home Loans, Inc., (In re Singleton), 358 B.R. 253, 261 (D.S.C. 2006) (holding that the Bankruptcy Court had no authority to retroactively reimpose the automatic); Sewell v. MGF Funding, Inc., 345 B.R. 174, 179–81 (9th Cir. B.A.P. 2006) (holding that the Bankruptcy Court did not have discretion to retroactively impose the automatic stay, its only option was to impose the automatic stay effective upon signing the order or upon entry on the docket); Lomagno v. Salomon Bros. Realty Corp., (In re Lomagno), 320 B.R. 473, 478–80 (1st Cir. B.A.P. 2005) (reversal of order of dismissal does not retroactively impose the automatic stay); Nicholson v.

Nagel (In re Nagel), 245 B.R. 657, 661–62 (D. Ariz. 1999) (reversing Bankruptcy Court and holding that a bankruptcy court does not have statutory authority to retroactively reimpose the automatic stay after dismissal of a Chapter 11 bankruptcy case); Gargani v. Wells Fargo Bank, N.A. (In re Gargani), 398 B.R. 839, 840 (Bankr. W.D. Pa. 2009) (reinstating Chapter 13 case does not retroactively reinstate the automatic stay); In re Searcy, 313 B.R. 439, 442–43 (Bankr. W.D. Ark. 2004); In re Hill, 305 B.R. 100, 104–08 (Bankr. M.D. Fla. 2003); Frank v. Gulf States Finance Co., 254 B.R. 368, 374 (Bankr. S.D. Tex. 2000).

### D. The Court Will Not Consider Plaintiff's Attempt to Orally Amend His Complaint at the Hearing But Will Allow 14 Days to Amend

At the December 20, 2016 hearing, Counsel for the Plaintiff stated for the first time that the Defendant sold the Debtors' automobile after this Court granted the Debtors' Motion to Reconsider, thereby, violating the automatic stay. In response, the Defendants argued that, even if the automobile was sold after the dismissal was vacated, no violation occurred because title to the vehicle transferred to them upon repossession, which occurred before the order vacating the dismissal and during a time when the automatic stay was terminated. Hall Motors, Inc., v. Lewis (In re Lewis), 137 F.3d 1280 (11th Cir. 1998). The Court is unwilling to consider an issue that was not raised in the pleadings nor briefed by counsel. The Court does not express an opinion as to whether the proposed amendment will save the case from dismissal. Rather, the Court will dismiss this Adversary Proceeding with leave to amend within 14 days.

## III. CONCLUSION

When this Court granted the Debtors' motion to reconsider in their underlying Chapter 13 Bankruptcy, it vacated the previously entered dismissal. This reinstated the case and reimposed the automatic stay, effective upon entry of the order. As the automatic stay is not retroactively reimposed, Valley Auto did not violate the automatic stay when it repossessed the vehicle during the gap period between dismissal and reinstatement of the case. For this reason, the complaint fails to state a claim for which relief may be granted. For the reasons set forth above, the motion is granted and the case is DISMISSED. However, because it is not clear to the Court that the Plaintiff cannot amend his complaint, the Court will dismiss WITH LEAVE TO AMEND WITHIN 14 DAYS. A separate order will be entered by the Court.

Done this 17th day of January, 2017.

*/s/ William R.*

United States Bankruptcy Judge

c: Anthony B. Bush, Attorney for Plaintiffs
   Donald M. Phillips, Attorney for Defendants